# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES COCHRAN,**

        **Plaintiff,**

-vs-                                                  **Case No. 6:08-cv-4-Orl-28KRS**

**MODOMO, INC., LYNDON H. MODOMO,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 25)** |
| **FILED:** | **July 25, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

    This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

The Settlement Agreement provides that Plaintiff Charles Cochran will receive $3,000.00 and that the employer will pay an agreed amount for Cochran's attorneys' fees. Counsel indicate that this is a compromise settlement arrived at based on negotiations that considered the employer's defenses, likelihood of success on the merits and the probability of collecting on any judgment. All parties were represented by counsel during the settlement negotiations, and they attest to the fairness and reasonableness of the settlement. Accordingly, I recommend that the Court find that the overtime compensation to be paid to Cochran is a fair resolution of a bona fide dispute under the FLSA.

Because *Lynn's Foods* does not require the Court to approve the remaining provisions of the settlement agreement,[1] I recommend that the Court decline to retain jurisdiction to enforce the Settlement Agreement or to permit the parties to reopen the case. See Doc. No. 25-2 ¶ 5.

Accordingly, I recommend that the Court do the following:

**FIND** that the overtime compensation Plaintiff will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DECLINE** to reserve jurisdiction;

**DISMISS** the case with prejudice as to all parties; and,

---

[1] I note, for example, that the Settlement Agreement contains a confidentiality provision, Doc. No. 25-2 ¶ 9, which is unenforceable in light of the public filing of the Settlement Agreement.

**DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 12, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy